```
                                                      FILED
                                                 IN CLERKS OFFICE
               UNITED STATES DISTRICT COURT
                                                 2004 SEP 23  P 4:41
                DISTRICT OF MASSACHUSETTS
                                                 U.S. DISTRICT COURT
                                          CIVIL ACTION DISTRICT OF MASS.

George Logue                         1
                                     1    CASE NO. 1:04-10824-DPW
         Plaintiff                   1    COMPLAINT FOR DAMAGES
                                     1    Civil Rights Violation -
      v.                             1    Legal Malpractice
                                     1    Breach of Contract
M. Vakili, Esq.                      1
                                     1
         Defendant                   1    (UNLIMITED CIVIL CASE)
                                     1
_____1
```

Comes now the plaintiff with this complaint pursuant to U.S.C. Title 42.


                              FIRST CAUSE
              (Civil Rights Violation - Legal Malpractice)

Plaintiff alleges:
                                Parties
1. Plaintiff is presently a resident of Middlesex County, Massachusetts.
2. Defendant Michelle Vakili is a registered attorney in the State of Massachusetts, and at all times herein mentioned was engaged in her profession in the City of Cambridge, Massachusetts where on occasion, she works for the Public Defenders Office under the auspices of the Commonwealth of Massachusetts. She has been a familiar figure in the Cambridge District Court where she has provided legal services to clients for several years. Defendant Michelle Vakili maintains an office at 250 Main Street, Charlestown, MA 02129. Plaintiff is informed and believes, and thereon alleges that the named defendant is responsible in some manner for the occurrences herein alleged, and plaintiff's damages as herein alleged, were proximately caused by her conduct.

## Jurisdiction

3. Pursuant to Massachusetts General Laws Ch. 258 § 4, notice of this impending claim was presented to the governing body of the immediate public office involved. A Copy of the notice is marked in the file as "A." This Court has jurisdiction over this matter pursuant to title 42 U.S.C.S. in so far as defendant Coppola was one, in a series of defendants in which plaintiff's civil rights were violated. By conspiring and then failing to diligently perform her duty, as she had presented herself to plaintiff, under duress, she contributed to and permitted the Civil Rights violations to continue. Plaintiff beseeches this court with hope of presenting this case to an impartial forum.

## Facts

4. On January 31, 2003, after two previous hearings, plaintiff attended a third pretrial hearing. He had been unable, appearing pro se, to move the case forward. Therefore, upon being 'reminded' [emphasis added] of his right to counsel, and with hope of availing himself the opportunity to challenge the false charges, he conferred with defendant Vakili. Plaintiff, now at his third pretrial hearing, and lead to believe his best chance of resolving the matter was through defendant Vakili's services, did so under the conspired duress of the Court and defendant Vakili (please see related case No.s 04 - 10822 and 10823). Plaintiff informed defendant Vakili of his innocence, the incident, and then requested and directed her to inform the Court as to the true nature of events and move for dismissal. However, despite plaintiff's request and explicit instructions, defendant Vakili did not even attempt to clarify the facts regarding the false arrest and another pretrial hearing was set for February 28, 2003.

5. On February 14, 2003, and at other court proceedings through the year of 2003, plaintiff therefore attempted to clear his good name of the false charges brought against him December 14, 2002, by filing his own motions and declarations to show cause. Further, he copied and informed defendant Vakili of his actions by voice messages, since she had refused to return any of his calls. Plaintiff made no fewer than 10 unanswered telephone calls to defendant in February. With plaintiff then scheduled out of town, and the next hearing approaching, plaintiff requested defendant Vakili to attend the hearing on

2

February 28, 2003 and plead for a dismissal. Here again, defendant failed to return all calls, and though she attended the hearing of February 28, 2003, she again, did not honor plaintiff's request to move for dismissal. She simply had the Court reschedule the hearing for March 11, 2003, and then failed to inform plaintiff except for a letter by mail, which arrived after the fact. Finally, defendant Vakili, having failed to return any of plaintiff's telephone calls or make any reasonable attempt to contact and inform plaintiff of this new hearing, intentionally did not attend the hearing resulting in a default. Upon clearing this himself, and yet another pretrial hearing having been set, plaintiff requested the Court assign a new counsel to assist him.

6. On November 18, 2003, after more than 12 pretrial conferences, the charges against plaintiff were dismissed and the case was therefore determined in plaintiff's favor.
7. Defendant Vakili's negligent actions and omissions violated the Canons of Ethics and Disciplinary Rules Regulating the Practice of Law adopted by the Massachusetts Supreme Judicial Court (SJC Rule 3.07). Further, she aided and abetted in denying plaintiff of his civil liberties by acting under color of state law 42 U.S.C.S. 1983 (1988). Where the case was eventually dismissed and determined finally in plaintiff's favor, defendant Vakili had permitted the case to continue without cause.
8. Defendant Vakili deceptively represented herself, violating the Massachusetts Consumer Protection Act, and breached her contract by failing to carry out instructions and provide services promised. Further, she knowingly, intentionally, and recklessly exacerbated these violations by maliciously and oppressively failing to act on her client's behalf, and then failed to alert him to such effect causing a default. Defendant did this in order to harass, embarrass, and destroy the reputation of plaintiff. Her egregious acts and omissions were intentional, were unreasonable, and unnecessary in the course of any reasonable legal services. Her knowledge of the false charges against plaintiff, refusal to assist him as promised, and refusal to answer his repeated requests for her assistance in moving the Court to dismiss, and which ultimately resulted in a default, each support the charge of legal malpractice.

9. As a proximate result of the negligent acts and omissions of defendant Vakili, plaintiff was, deprived of his civil liberties, defamed, cast in a false light, and as a result, was injured in his stature, health, and activity.
10. As a further and proximate result of the acts of the defendant, plaintiff suffered embarrassment, humiliation, and an over all loss of respect, all to his damage.

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;
2. For punitive damages according to proof;
3. For reasonable attorney consulting fees;
4. For interest and as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court deems proper.

<u>September 23, 2004</u>
      Date

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| George Logue | CIVIL ACTION |
|  | CASE NO. 1:04-10824-DPW |
| Plaintiff | COMPLAINT FOR DAMAGES |
|  | Civil Rights Violation - |
| v. | Malicious Prosecution |
|  | Abuse of Process |
| M. Vakili, Esq. | Conspiracy |
|  |  |
| Defendant | (UNLIMITED CIVIL CASE) |

SECOND CAUSE
(Civil Rights Violation - Malicious Prosecution)

Plaintiff alleges:
Facts
1. Plaintiff refers to and incorporates, as though fully set forth herein, paragraphs 1 - 10, inclusive, of the First Cause.
2. Defendant Vakili, and in conjunction with the Public Defenders Office and Cambridge District Court, in failing to defend plaintiff, her client, from the false charges and in such a manner, did knowingly conspire so as to continue the legal process without cause. In addition, without attempting to assist him as promised, defendant Vakili further breached her contract and violated plaintiff's civil rights by permitting the case to continue, without argument, each time based on, "sufficient facts found but continued without a finding until," (as described on the docket sheet) when, in fact there could not have been any such facts found. Defendant's negligent actions clearly indicate an abuse of process, lending to malicious prosecution on her part. By taking an active part, by omission, and in continuing and procuring the continuation of criminal procedings, though initiated by the MIT police, defendant Vakili violated Restatement (second) Torts § 655 and is subject to the same liability for malicious prosecution as if she initiated the procedings; <u>Mitchell v. City of Boston</u>, 130 F. Supp 2d 201, (2001).

1

3. Defendant's actions and omissions were done so maliciously, for the intent and purpose of hindering, delaying, and preventing the false claim from being dismissed, thus depriving plaintiff of his due process of law, and to accomplish unlawful and ulterior purposes for which the said process was not designed or intended.
4. As a proximate result of these negligent acts and omissions of defendant Vakili, plaintiff's civil rights were further deprived, and he suffered additional pain and anguish of the mind. Defendant's actions and omissions injured his stature, health, and activity, and caused him to suffer additional embarrassment and humiliation, all to his damage.

2

WHEREFORE, plaintiff prays judgment as follows:

    1. For general damages according to proof;
    2. For punitive damages according to proof;
    3. For reasonable attorney consulting fees;
    4. For interest and as allowed by law;
    5. For costs of suit herein incurred; and
    6. For such other and further relief as the Court deem proper.

September 23, 2004                                _/s/ Jerry Jeune_

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
                                    ]   CIVIL ACTION
George Logue                        ]
                                    ]   CASE NO. 1:04-10824-DPW
        Plaintiff                   ]   COMPLAINT FOR DAMAGES
                                    ]   Civil Rights Violation -
   v.                               ]   Intentional Infliction
                                    ]   of Emotional Distress
M. Vakili, Esq.                     ]
                                    ]
        Defendant                   ]   (UNLIMITED CIVIL CASE)
                                    ]
_____]
```

Comes now the plaintiff with this complaint pursuant to U.S.C. Title 42.


THIRD CAUSE
(Civil Rights Violation - Intentional Infliction of Distress)

Plaintiff alleges:
Parties
1. Plaintiff is presently a resident of Middlesex County, Massachusetts.
2. Defendant Michelle Vakili is a registered attorney in the State of Massachusetts, and at all times herein mentioned was engaged in her profession in the City of Cambridge, Massachusetts where on occasion, she works for the Public Defenders Office under the auspices of the Commonwealth of Massachusetts. She has been a familiar figure in the Cambridge District Court where she has provided legal services to clients for several years. Defendant Michelle Vakili maintains an office at 250 Main Street, Charlestown, MA 02129. Plaintiff is informed and believes, and thereon alleges that the named defendant is responsible in some manner for the occurrences herein alleged, and plaintiff's damages as herein alleged, were proximately caused by her conduct.

1

## Jurisdiction

3. Pursuant to Massachusetts General Laws Ch. 258 § 4, notice of this impending claim was presented to the governing body of the immediate public office involved. A Copy of the notice is marked in the file as "A." This Court has jurisdiction over this matter pursuant to title 42 U.S.C.S. in so far as defendant Coppola was one, in a series of defendants in which plaintiff's civil rights were violated. By conspiring and then failing to diligently perform her duty, as she had presented herself to plaintiff, under duress, she contributed to and permitted the Civil Rights violations to continue. Plaintiff beseeches this court with hope of presenting this case to an impartial forum.

## Facts

4. On January 31, 2003, after two previous hearings, plaintiff attended a third pretrial hearing. He had been unable, appearing pro se, to move the case forward. Therefore, upon being 'reminded' [emphasis added] of his right to counsel, and with hope of availing himself the opportunity to challenge the false charges, he conferred with defendant Vakili. Plaintiff, now at his third pretrial hearing, and lead to believe his best chance of resolving the matter was through defendant Vakili's services, did so under the conspired duress of the Court and defendant Vakili (please see related case No.s 04 - 10822 and 10823). Plaintiff informed defendant Vakili of his innocence, the incident, and then requested and directed her to inform the Court as to the true nature of events and move for dismissal. However, despite plaintiff's request and explicit instructions, defendant Vakili did not even attempt to clarify the facts regarding the false arrest and another pretrial hearing was set for February 28, 2003.

5. On February 14, 2003, and at other court proceedings through the year of 2003, plaintiff therefore attempted to clear his good name of the false charges brought against him December 14, 2002, by filing his own motions and declarations to show cause. Further, he copied and informed defendant Vakili of his actions by voice messages, since she had refused to return any of his calls. Plaintiff made no fewer than 10 unanswered telephone calls to defendant in February. With plaintiff then scheduled out of town, and the next hearing approaching, plaintiff requested defendant Vakili to attend the hearing on

2

February 28, 2003 and plead for a dismissal. Here again, defendant failed to return all calls, and though she attended the hearing of February 28, 2003, she again, did not honor plaintiff's request to move for dismissal. She simply had the Court reschedule the hearing for March 11, 2003, and then failed to inform plaintiff except for a letter by mail, which arrived after the fact. Finally, defendant Vakili, having failed to return any of plaintiff's telephone calls or make any reasonable attempt to contact and inform plaintiff of this new hearing, intentionally did not attend the hearing resulting in a default. Upon clearing this himself, and yet another pretrial hearing having been set, plaintiff requested the Court assign a new counsel to assist him.

6. On November 18, 2003, after more than 12 pretrial conferences, the charges against plaintiff were dismissed and the case was therefore determined in plaintiff's favor.

7. Defendant Vakili's negligent actions and omissions violated the Canons of Ethics and Disciplinary Rules Regulating the Practice of Law adopted by the Massachusetts Supreme Judicial Court (SJC Rule 3.07). Further, she aided and abetted in denying plaintiff of his civil liberties by acting under color of state law 42 U.S.C.S. 1983 (1988). Where the case was eventually dismissed and determined finally in plaintiff's favor, defendant Vakili had permitted the case to continue without cause.

8. Defendant Vakili deceptively represented herself, violating the Massachusetts Consumer Protection Act, and breached her contract by failing to carry out instructions and provide services promised. Further, she knowingly, intentionally, and recklessly exacerbated these violations by maliciously and oppressively failing to act on her client's behalf, and then failed to alert him to such effect causing a default. Defendant did this in order to harass, embarrass, and destroy the reputation of plaintiff. Her egregious acts and omissions were intentional, were unreasonable, and unnecessary in the course of any reasonable legal services. Her knowledge of the false charges against plaintiff, refusal to assist him as promised, and refusal to answer his repeated requests for her assistance in moving the Court to dismiss, and which ultimately resulted in a default, each support the charge of legal malpractice. Further, her failure to respond to the numerous attempts of plaintiff trying to contact her, all verify her intention to upset him and allow the case to drag on. As a result of defendant's lack of response and assistance, or lack of any

3

    answer pertaining to how the defendant intended to assist him as promised in their first and only meeting, and knowing and observing that her client was becoming distraught as a result of her actions and omissions, defendant ratified that her overall conduct was done with understanding that plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to him.

9. As a proximate result of the negligent acts and omissions of defendant Vakili, plaintiff was, deprived of his civil liberties, defamed, cast in a false light, and suffered emotional distress and great pain and anguish of the mind in which his stature, health, and activity were injured.

10. As a further and proximate result of the acts of the defendant, plaintiff suffered embarrassment, humiliation, and an over all loss of respect, all to his damage. Defendant Vakili's actions, as herein alleged, were willful, wanton, malicious, and oppressive, and justify an award of exemplary damages.

WHEREFORE, plaintiff prays judgment as follows:

1. For general and punitive damages according to proof;
2. For exemplary damages, with the amount demanded: $ <u>3,000,000.00</u>;
3. For reasonable attorney consulting fees;
4. For interest and as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court deems proper.

<u>September 23, 2004</u>
       Date

*[signature]*

5