UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                        |   |                                    |
|------------------------|---|------------------------------------|
| GEORGE LOGUE,          | ) |                                    |
|                        | ) |                                    |
| Plaintiff,             | ) |                                    |
|                        | ) |                                    |
| v.                     | ) | Civil Action No. 04-CV-10824-DPW   |
|                        | ) |                                    |
| MICHELE VAKILI,        | ) |                                    |
|                        | ) |                                    |
| Defendant              | ) |                                    |

**AFFIDAVIT OF MICHELE VAKILI**

I, Michele Vakili, being duly sworn do hereby depose and say as follows:

1. I am an attorney licensed before the Commonwealth of Massachusetts.

2. In 2003, I maintained a contract with the Middlesex Defense Attorneys to accept criminal court appointments.

3. The Cambridge District Court assigned me to represent George Logue ("Logue") in a misdemeanor trespass matter at a pre-trial hearing on January 28, 2003. At that time, I met with Logue to discuss his case and obtain background information. Logue provided me with only one means of contacting him—the mailing address for his sister's home in Brighton, Massachusetts.

4. On January 28th, Logue and I asked the District Court to reschedule the pre-trial hearing for February 28, 2003. The District Court allowed our request.

5. Logue left a voicemail at my office on February 12, 2003, saying that he had filed a motion to dismiss the charges against him. Logue drafted and filed the motion without showing it to me or discussing the contents with me. Logue also never sent me a copy of the motion. In

that voicemail, Logue also informed me that I could send mail to him at General Delivery at a U.S. Post Office. From that point on, I mailed copies of all correspondence to both the General Delivery address and to his sister's address in Brighton.

6. On February 24, 2003, Logue left another voicemail at my office saying that he was in Chicago and was unable to attend the February 28th pre-trial conference. Logue asked me to reschedule the hearing for a date that he could attend. Logue did not ask me to argue the motion to dismiss he filed. Logue did not suggest alternative dates he was available to attend or a phone number where I could reach him Chicago.

7. The District Court assigned March 11, 2003 as the new date for the pre-trial conference. I sent letters to both Logue's mailing addresses informing him of the new hearing.

8. I was unable to attend the March 11th pre-trial hearing due to an illness. I informed the District Court prior to the hearing, and offered other dates to reschedule. Since I had not heard from Logue, I believed he would show up. I thought he and the District Court could choose a new date.

9. Logue did not attend the March 11th hearing, and the District Court entered a default against him. I discovered the default the next day, and immediately wrote Logue a letter informing him of the default and that he needed to go to the courthouse and remove it if he wanted his case to proceed. Logue promptly removed the default.

10. The District Court rescheduled the pre-trial hearing for March 28, 2003. I met with Logue on March 28th before the hearing to discuss the case. Logue asked me to argue his motion to dismiss. I had not had the opportunity to discuss the motion with Logue until meeting with him on that date. I informed Logue that I could not intelligently argue the motion and that I

did not believe the motion had the proper basis due its factual nature and it was not the appropriate time to make the motion to dismiss.

11. At that point, Logue asked the District Court to discharge me as counsel, which it did. Logue proceeded to argue his motion to dismiss. The District Court denied the motion, and recommended Logue accept another court-appointed attorney. The District Court then assigned Donna Coppola to the case. Shortly after the pre-trial hearing, I provided Attorney Coppola with copies of my files. I did not have any contact with Logue again until this litigation.

12. I understand that Logue eventually convinced the District Court to drop all the charges against him.

Signed under pains and penalties of perjury, this 22nd day of October, 2004.

_____
Michele Vakili