UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE LOGUE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHELE VAKILI, )<br>)<br>Defendant ) | Civil Action No. 04-CV-10824-DPW |

### DEFENDANT MICHELE VAKILI'S REPLY TO PLAINTIFF'S
### OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1   Michele Vakili ("Vakili"), the defendant in the above-captioned action, filed a Motion to Dismiss with this Court on October 25, 2004.

2.   Simultaneously, Vakili's attorneys sent two copies of the Motion to plaintiff George Logue ("Logue"). The first via certified first-class mail, return receipt requested; and the second via first-class mail. (Affidavit of Douglas Marrano, attached as Exhibit A, at ¶6).

3.   Vakili's sole means of sending mail to Logue is at a General Delivery address. General Delivery is a way to send mail to a U.S. Post Office branch that it holds for 30 days, where the named party may receive the correspondence by showing identification. (Id., at ¶5). Vakili's attorney addressed both copies of the Motion to Logue's General Delivery address.

4.   The certified copy of Vakili's Motion was returned to Vakili's attorneys on October 28, 2004 without being signed for (Id., at ¶7). Logue refused delivery of the copy Vakili sent via first-class mail as well. Logue refused it on October 28, 2004, and Vakili's attorneys received the Motion back on November 5, 2004. (Id., at ¶8).

5. Logue filed an Opposition of Plaintiff to Motion to Dismiss with this Court on October 27, 2004[1], stating that he had not received a responsive pleading from Vakili, but that any motion to dismiss should be denied because Logue would not receive "due process of review" (Opposition, at ¶1).

6. Logue's opposition is blatantly false in light of Vakili's efforts to provide Logue with the Motion, and Logue's refusal to accept delivery. Vakili took appropriate steps to provide a copy of the Motion to Logue at his only known address. Logue is not represented by counsel, thus sending the Motion to Logue was proper.

7. Logue has no one to blame but himself for not receiving a copy of the Motion. Vakili should not be held responsible when she did everything she could to ensure Logue would receive the Motion. This Court should not entertain any opposition on Logue's part that stems from his own conduct.

Respectfully submitted,

Michele Vakili,

By her attorneys,

David Hatem, BBO #225700
Nancy M. Reimer, BBO #555373
Douglas M. Marrano, BBO #644030
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500

Dated: November 5, 2004
00874919

---

[1] Logue served a copy of his opposition to Vakili personally, rather than sending it to her attorneys.

## CERTIFICATE OF SERVICE

I, Douglas Marrano, hereby certify that on this 5th day of November, 2004, I have given notice of the above Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, by mailing a copy thereof, postage prepaid to George Logue, General Delivery, Boston, MA 02205.

_____
Douglas Marrano