```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


GEORGE LOGUE,                  )
     Plaintiff,                )    CIVIL ACTION NOS.
                               )    04-10823-DPW
          v.                   )    04-10824-DPW
                               )
DONNA COPPOLA AND              )
MICHELLE VAKILI,               )
     Defendants.               )
```

MEMORANDUM AND ORDER
January 3, 2005

These two actions, filed by a pro se plaintiff who faced a state criminal trespass prosecution, are brought against the plaintiff's successive assigned counsel in the state proceedings.[1]  The plaintiff is dissatisfied with the degree of attentiveness provided in the services he received from the lawyers.  He suggests they should be reported to the Board of Bar Overseers.  The defendants have separately moved to dismiss the respective complaints.

These complaints have no place in federal court.  Attorneys who provide public defense are not state actors subject to federal civil rights claims under 42 U.S.C. § 1983.  Polk County

---

[1] The plaintiff has filed separate pro se actions against the various participants in the criminal proceedings against him.  In Logue v. Massachusetts Institute of Technology, 02-12493-DPW, he sues the institution whose agents made the arrest that initiated the criminal complaint.  In Logue v. Coakley, 04-10822-DPW, he sues the prosecutors in the case.  In these actions, he sues two lawyers successively assigned by the state court to defend him. In Logue v. Cambridge District Court, 04-12096-DPW, he sues the judiciary.  By simultaneous Memoranda and Orders issued today in these cases, I am directing judgment for the defendants in each of these actions.

v. Dodson, 454 U.S. 312 (1981). Nothing in the complaint supports an inference of conspiracy cognizable as a federal claim under 42 U.S.C. § 1985.

There being no viable federal claims, I am authorized to decline to exercise supplemental jurisdiction over the remaining state claims, 28 U.S.C. § 1367. I will reach those claims as well, however, because they are so lacking in merit that it would be unfair to appear to countenance even the potential for a continuation of disputes based upon claims such as these.

In this connection, I find as to the state claims:

A malicious prosecution claim cannot be pursued against defense counsel appointed after the beginning of criminal litigation for the fundamental reason that such defense counsel cannot be said to have initiated or assisted in the initiation of the criminal proceeding.

Unhappiness with the inconveniences of litigation scheduling, made especially difficult by the plaintiff's unorthodox arrangements for notice, is not a basis for a claim of intentional infliction of emotional distress.

The claims of these two complaints being without merit, I GRANT the defendants' motions to dismiss.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE